JOHN PIERCE *versus* JOTHAM S. GOODRICH *and others.*

In a writ of *error*, where on a hearing the former judgment is affirmed, the obligors in the bond are bound to "pay and satisfy" the judgment rendered, including the damages and costs awarded in the original suit.

The clerk's docket is the record of the Court until the record is fully extended.

An agreement, after judgment rendered, to submit the question of the correctness of the taxation of costs to a Judge, and indorse the amount disallowed, if any, was for the benefit of the defendant, and it is for him to procure the revision.

ON REPORT of the case by TENNEY, C. J.

DEBT ON BOND. John Pierce, Nov. 30, 1853, brought an action against Jotham S. Goodrich, on a note of hand, which was entered and continued until December term, 1854, when Pierce recovered judgment. The defendant filed exceptions, but failed to enter them at the law term, June, 1855. The plaintiff entered a complaint at that term, and it was allowed. An order was issued, and received by the clerk in Somerset county, July 4, 1855, directing judgment to be entered on the verdict, damages, $727,55, costs, $67,70.

The defendant sued out a writ of error, July 23, 1855, which was entered and continued until December term, 1856, when the former judgment was affirmed without costs in the suit in *error.*

At this stage of the case, the parties entered into a written agreement, that a hearing might be had before any Judge as to the costs allowed in the original action, and, if any part was disallowed, the amount was "to be indorsed." The hearing was had, but no decision rendered.

No execution was issued on the original judgment.

It appeared that the clerk's entries on the docket constituted the only record in Somerset county of the proceedings in the case, the clerk then in office having removed from the State without completing his records.

This suit was brought on the bond given in the proceed-

ings in *error*, and the case was, by agreement, reported by the presiding Judge, for final decision by the whole Court.

*John S. Abbott*, for the plaintiff, argued that the docket entries were sufficient to sustain the action on the bond, although the judgment had not been recorded in full, by reason of the clerk removing to a distant State. The judgment is substantially found on the docket. At any rate, nothing further remains for the plaintiff to do. R. S., 1841, c. 100, § § 14, 15; 1857, c. 79, § § 8, 10, 11, 12. The first judgment sufficiently appears by the judgment in *error*.

The recitals in the defendants' bond estop them from denying the former judgment.

The agreement for a hearing as to costs is not admissible to defeat this action. But, if admissible, it cannot affect the judgment. It is simply an agreement to "indorse" any amount disallowed by the Judge. The plaintiff is ready to do it. There has been a hearing, but no decision. The defendants should have procured an adjudication within a reasonable time. The Judge, although more than two years have elapsed, having failed to determine that any amount is to be indorsed, it may be inferred that he thinks none should be indorsed, or that the question is not within his jurisdiction.

*John H. Webster*, for the defendant.

The judgment awarded in *error*, according to R. S., 1841, c. 143, should have been penal damages and costs, not including the former judgment. The original judgment is no part of the new judgment. No such judgment was awarded in the suit in *error*. The former judgment was merely affirmed. The sureties on the bond are liable only for the proper judgment in the suit in *error*, which has not yet been rendered.

The condition of the bond is modified by the plaintiff's agreement as to costs. No decision has been had, and it does not appear what amount of costs is to be paid. If the amount disallowed is to be indorsed, it must be indorsed before the judgment is satisfied. It is by the plaintiff's neg-

lect, that the question of costs has not been disposed of, and the indorsement made. The obligations of a bond may be varied by parol. *Haynes* v. *Fuller,* 40 Maine, 162. Much more by written agreement. So long as any thing remains to be done to ascertain the amount payable, no action can be sustained. *Hamlin* v. *Otis,* 36 Maine, 381.

The hearing as to costs has been had. The defendant could do no more. Neither he nor the plaintiff could compel an adjudication. But until an adjudication, determining the amount of costs to be paid, the action on the bond is premature.

*Abbott,* in reply. — The statute and the bond both require the obligors to "pay and satisfy such judgment as shall be rendered." R. S., 1841, c. 143, § 2. "The prevailing party" is "entitled to his costs" "and, if the judgment is *affirmed,*" "damages for his delay," &c. § 5. In the case at bar, the right to costs was waived, and penal damages not claimed. The proper form of judgment, under such circumstances, was to affirm the former judgment.

The doctrine that the obligors in the bond are liable only for costs and penal interest is absurd. The original plaintiff might lose an attachment of valuable property, by means of the writ of error and stay of execution, and recover nothing but costs in the case in *error,* and penal interest. The bond requires the obligors to pay what shall be found legally due.

The original judgment having been treated as valid by the defendants in their writ of error and bond, and affirmed by the Court, is to be considered as established. *Read* v. *Sutton,* 2 Cush., 123.

The opinion of the Court was drawn up by

APPLETON, J. — The plaintiff having obtained judgment against the defendants, *Goodrich & others,* they, on the 23d of July, 1855, sued out a writ of error, and gave the bond prescribed by R. S., 1841, c. 143, " with condition that the plaintiff shall prosecute his suit to effect, and shall pay and satisfy such judgment as shall be rendered thereon."

The writ of error was duly entered and continued till the December term, 1856, when the former judgment was affirmed, and, by agreement, no costs were to be allowed to either party. The record of the judgment in error is in the usual form.

Judgment having thus been rendered, the defendants were bound by the condition of their bond " to pay and satisfy" the judgment rendered in error. Having failed to do this, it is difficult to perceive why this action should not be maintained against them.

· It is objected, that the record of the original judgment, sought to be reversed, has not been completed, and that therefore the action must fail. But the case finds that the docket of the Court contains entries of all the proceedings during the progress of the suit, till final judgment thereon, and affords all the data required to complete the record. The clerk's docket is the record of the Court until the record is fully extended. *Read* v. *Sutton,* 2 Cush., 115. But the bond was to pay the judgment rendered in error, and that, the defendant not having done, his bond is forfeited.

It would seem, when the original judgment was affirmed, that a question as to the taxation of costs thereon having arisen, it was agreed to submit the correctness of that taxation to any Judge, and that the amount disallowed, if any, should be indorsed. This was for the benefit of the defendants. It was for them to procure the revision of the costs. The very language of this agreement, so far as it appears from the report, for the original is not made a part of the case, most clearly indicates that no delay was to be had for that cause.

The agreement, that there should be no costs in the writ of error, was for the benefit of the defendants, and of which they cannot take advantage. *Defendants defaulted.*

TENNEY, C. J., and RICE, CUTTING, MAY, and GOODENOW, JJ., concurred.